UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CURTIS B. FISHER,

    Plaintiff,

v.

WASHINGTON STATE DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.

CASE NO. 3:18-cv-05544-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: February 15, 2019

This 42 U.S.C. § 1983 civil rights matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Before the Court is defendants' motion for summary judgment (Dkt. 18) and plaintiff's motion for voluntary dismissal without prejudice (Dkt. 24).

After defendants filed a motion for summary judgment, plaintiff filed his motion for voluntary dismissal without prejudice. Defendants do not oppose the motion, but request that the Court either impose costs on plaintiff, dismissing the action without prejudice, or dismiss the action with prejudice without imposing costs. However, because the Court finds that defendants will not be prejudiced by a dismissal without prejudice, and because defendants have not shown

REPORT AND RECOMMENDATION - 1

that plaintiff engaged in sufficiently dilatory behavior to warrant sanctions, the Court recommends that plaintiff's motion for voluntary dismissal be granted and that defendants' motion for summary judgment be denied as moot.

## BACKGROUND

Plaintiff initially filed this action in July of 2018. Dkt. 1. He alleged that his First and Fourth Amendment rights were violated when defendants rejected several of his mail items pursuant to a facility policy. Dkt. 5. Defendants filed a motion for summary judgment, arguing that plaintiff's claims failed as a matter of law. Dkt. 18. Instead of filing a response to that motion, plaintiff filed a motion for voluntary dismissal without prejudice. Dkt. 24. Defendants do not oppose the motion for voluntary dismissal itself, but they request that the Court either impose costs on plaintiff, or dismiss the action with prejudice. Dkt. 25.

## DISCUSSION

Federal Rule of Civil Procedure 41 sets forth the circumstances under which an action may be dismissed. Under Rule 41(a)(1), an action may be voluntarily dismissed without prejudice by the plaintiff if the plaintiff files a notice of dismissal before the defendant files an answer or summary judgment motion and the plaintiff has not previously dismissed an action "based on or including the same claim." Fed. R. Civ. P. 41(a)(1); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). However, if the defendant has filed an answer or a summary judgment motion, "an action may be dismissed at the plaintiff's request only by court order, on the terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 163 F.3d 972, 975 (9th Cir. 2001) (citing *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987)) (footnote omitted).

1  "Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."
2  Fed. R. Civ. P. 41(a)(2).

3  In ruling on a motion for voluntary dismissal without prejudice, the Court must determine
4  whether voluntary dismissal would result in some "plain legal prejudice" against defendants.
5  *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982). The prospect
6  of a second lawsuit or plaintiff gaining some tactical advantage is not sufficient, without more, to
7  demonstrate plain legal prejudice. *Id*. The Court may attach conditions to the dismissal "to
8  prevent prejudice to the defendant." *Id*. at 146. This may include awarding costs to the opposing
9  party. *See Puerto Rico Maritime Shipping Authority v. Leith*, 668 F.2d 46, 51 (1st Cir. 1981).

10  Defendants do not object to plaintiff voluntarily dismissing this action. However, they
11  request that the Court either: (1) dismiss the case without prejudice as plaintiff requests, but
12  require plaintiff to pay defendants' costs; or (2) dismiss the case with prejudice, and decline to
13  require plaintiff to pay defendants' costs. Dkt. 25. Though defendants do not identify any legal
14  prejudice they will suffer as a result of the dismissal, they do argue that either costs or dismissal
15  with prejudice would protect defendants' interests and the expenses incurred over the last months
16  as they defended against this lawsuit. *Id*.

17  Here, defendants do not argue that they would be legally prejudiced by granting the
18  motion for voluntary dismissal, and so voluntary dismissal is appropriate under Rule 41(a)(2).
19  *See Smith*, 163 F.3d at 975. However, they request that either plaintiff be required to pay costs to
20  defendants or that the voluntary dismissal be with prejudice. Dkt. 25. Defendants have not
21  provided any precedent indicating that it is appropriate to sanction a pro se prisoner, proceeding
22  *in forma pauperis*, with costs resulting from a lawsuit when the pro se prisoner has not otherwise
23  engaged in any kind of sanctionable or dilatory behavior. Further, defendants have not indicated
24

REPORT AND RECOMMENDATION - 3

that there is a threat of duplicative and overly burdensome future litigation, and they have not explained why the filing of plaintiff's motion for voluntary dismissal within the time to respond to defendants' motion for summary judgment was so dilatory as to warrant sanctions against plaintiff. Finally, the Court finds that the Court still has the authority to impose costs later if plaintiff files another action with the same claims as the claims raised here. *See* Fed. R. Civ. P. 41(d). Thus, the Court finds that plaintiff's motion for voluntary dismissal is appropriate here, and the Court further finds that defendants have not provided the Court adequate reason to sanction plaintiff either with costs or with dismissal with prejudice.

## CONCLUSION

For the reasons set forth above, the Court recommends that plaintiff's motion for voluntary dismissal (Dkt. 24) be granted and plaintiff's action be dismissed without prejudice and without costs.

Based on the foregoing, the Court also recommends that defendants' motion for summary judgment (Dkt. 18) be denied as moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

1  imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **February 15,**
2  **2019** as noted in the caption.

3  Dated this 25th day of January, 2019.

      *[signature]*
      J. Richard Creatura
      United States Magistrate Judge